James H. Boomer, J.
The statement of readiness in this personal injury action was filed by plaintiffs’ attorney on May 15, 1970. Shortly after the filing, the attorney for the plaintiffs agreed with the attorney for the defendants that, in spite of the filing of the certificate of readiness, he would permit a physical examination of the plaintiffs at a later date ■ should the defendants’ attorney .require it. On March 2, 1971, defendants’ attorney served a notice advising the plaintiffs ’ attorney of the defendants’ intention to conduct a physical examination of the plaintiffs and requiring the plaintiffs to deliver, to the defendants’ attorney copies of all of the plaintiffs’ medical reports.
*43 After the date of the agreement between counsel and before the service of the notice requiring the physical examination of the plaintiffs, the Appellate Division, Fourth Department, promulgated a new rule (22 NYCRR 1024.25, filed Aug. 4, 1970, eff. July 1, 1970) which provides, insofar as is pertinent here, that at least 20 days before a physical examination, the party to be examined shall serve copies of his medical reports upon all other parties.
Plaintiffs move to vacate the notice requiring them to submit to a physical examination and to serve their medical reports upon the defendants. This motion is granted.
By failing to move to vacate the certificate of readiness, the defendants have waived their right to pursue the disclosure proceedings allowed by CPLR article 31 (Cerrone v. S’Doia, 11 A D 2d 350 ; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3402.12, p. 34-23). This is so even though the parties agree, as they did here, that disclosure proceedings may be had after the filing of the certificate of readiness; for the ‘‘ rule prohibits any private understanding or arrangement between counsel for the purpose of evading it ”. (Morrison v. Snead Schools of Golf, 13 A D 2d 986.)
The rule concerning the furnishing of medical reports prior to a physical examination applies not only to actions commenced after July 1, 1970, the effective date of the rule; but also to “ further proceedings ” in actions commenced before that date, except where impractical or unjust (22 NYCRR 1024.27). But such retroactive application of the rule cannot aid the defendants here, for the filing of the certificate of readiness precludes “ further proceedings ” in the nature of discovery such as the physical examination requested by defendants. Under the Appellate Division rule, the service of a notice for a physical examination is a prerequisite to the furnishing of the plaintiffs’ medical reports. And since defendants cannot now compel the plaintiffs to submit to a physical examination, they cannot require them to furnish their medical reports.
If the plaintiffs voluntarily comply with the agreement made between the attorneys and submit to a physical examination without furnishing their medical reports, the defendants need not furnish the plaintiffs with copies of the medical report of the physician who examines the plaintiffs on behalf of the defendants (Curran v. Casella, 8 A D 2d 423).